## Mary Metz and another v. Helen G. Todd and others.

*Mortgages: Collateral to notes of third persons: Payment.* Complainants having filed their bill to foreclose a mortgage given to secure payment of four promissory notes made by third persons and which the mortgagors had delivered to complainants on the purchase of the mortgaged premises, the theory of the defense, that the notes were received in payment for the land and that the purchasers were not to be looked to for payment except upon the mortgage and according to its conditions, is held to be supported by the proofs.

*Mortgages: Notes of third persons: Sureties: Extension: Release.* The mortgagees in such mortgage having, for a consideration paid to them, and without the knowledge of the mortgagors, extended the time of payment to the maker of the only note remaining unpaid, the land thereby became discharged from the mortgage lien; the mortgagors, though not personally liable as sureties, yet as owners of the mortgaged land they occupied that position.

*Heard April 10. Decided June 6.*

Appeal in Chancery from Calhoun Circuit.

*E. Baxter* and *J. C. Post,* for complainants.

*Severens, Boudeman & Turner,* for defendants.

COOLEY, CH. J:

This is a foreclosure suit. The mortgage was given by defendants Helen G. Todd and Alice M. Terry, to secure the payment of four promissory notes made by third persons, and which the mortgagors had delivered to complain-

36 MICH.—60.

METZ *v.* TODD.

ants on a purchase of the land mortgaged.    The .bill avers that the four notes were delivered to the complainants "as security for the payment of the purchase price," and that the mortgage was taken at the same time to secure the payment of the notes.    It is claimed by the defense that the notes were received in payment for the land, and that the purchasers were not to be looked to for payment except upon the mortgage and according to its conditions.    The evidence satisfies us that this defense is well founded.

It is also claimed on the part of the defense that on the only note now remaining unpaid, and which was made by one Frink, the mortgagees, for a consideration paid to them, and without the knowledge of the mortgagors, extended the time of payment.    The mortgagors then insist that, though not personally at any time liable as sureties, yet as owners of the mortgaged land they occupied that position, and consequently the extension granted to the principal debtor, without their consent, discharged the land from the mortgage lien.    That the claim is well founded if the proof establishes the extension, we think is undoubted.—*Neimcewicz v. Gahn, 3 Paige, 614,* and *Gahn v. Niemcewicz, 11 Wend., 312; Christner v. Brown, 16 Iowa, 130.*    We also find the facts to be in accordance with the theory of the defense.

The .decree must be affirmed, with costs.

The other Justices concurred.