St. Joseph Fire & Marine Insurance Company, *Appellant,*
v. Hauck.

1. **Extension of Promissory note**: INTEREST IN ADVANCE: PRINCIPAL AND SURETY. Interest paid in advance on a note for a definite period, is a sufficient consideration to support a promise by the holder for forbearance during that period, so as to release a surety, if the promise is made without his consent. (Following *Stillwell v. Aaron*, 69 Mo. 539.)

30—71

2.   **Corporation**: ULTRA VIRES, WHEN NO DEFENSE AGAINST. The maker of a note discounted by a corporation at his instance cannot defend an action on the note brought by the corporation on the ground that the corporation had by its charter no power to discount notes.

3.   **Judgment.** A judgment being an entirety, a reversal for error committed in favor of one of several defendants carries the whole judgment.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB,
Judge.

REVERSED.

   *B. R. Vineyard* for appellant.

   *Wm. H. Sherman* for respondent.

   HENRY, J.—This is a suit by plaintiff on a note executed by Pinger and Browne (a firm composed of John Pinger and Joseph I. Browne) and George M. Hauck for $7,500, dated March 29, 1872, and payable to—, name of payee not inserted, ninety days after its date. David Pinger, with the knowledge and consent of the makers, wrote his name in said note as payee, and afterward indorsed and delivered it to the makers, who, on the 29th of March, 1872, in accordance with a previous agreement between them and plaintiff, delivered it to plaintiff to secure a loan of seventy-five hundred dollars made by plaintiff to Pinger and Browne. Several payments were made on the note, leaving a balance of $2,975, for which plaintiff sued. Hauck's answer denied what was not alleged, that he was then, or at any time, a member of the firm of Pinger and Browne; alleged that at the time of the transaction, plaintiff was an insurance company, empowered to transact business under the general insurance laws of the State of Missouri, that he signed the note merely as a security and for the accommodation of Pinger and Browne, and that this fact was known to plaintiff, who afterward, when the note became due and payable, agreed with Pinger and Browne and David Pinger, without the knowledge or con-

sent of Hauck, for a valuable consideration, to extend the time of payment of said note for ninety days, &c. A replication was filed by plaintiff denying the allegations in the answer. David Pinger did not answer.

The evidence shows that after the note became due Pinger and Browne kept the interest paid up ninety days in advance, and there was other evidence tending to prove an agreement to extend the time of payment for such period; also evidence tending to establish the fact that there was no agreement for the extension of time, but merely a payment of interest in advance for ninety days.

The instructions of the court on that subject were as follows:

3. If the court believes from the evidence that Hauck signed the note sued upon as a surety, the court must further believe from the evidence that the plaintiff agreed with Pinger and Browne, for an extension of time upon said note after the same became due, without the knowledge or consent of Hauck; and the court must further believe from the evidence that such extension of time, in order to discharge Hauck as such surety thereon from further liability, must have been such as would have prevented the plaintiff from bringing an action thereon against Pinger and Browne, and that the taking of interest in advance and declaring to said makers of said note that plaintiff would wait on them to any definite time, will not constitute such a promise; and unless the court believes further from the evidence that there was some other and further consideration than the taking interest in advance to a definite period to support said promise of plaintiff to wait on said makers, the court will find for the plaintiff.

4. If the court should find from the evidence that when the note sued upon became due, the interest thereon was paid by Pinger and Browne, to a time ninety days, or any definite period ahead of said period at which said note became due, yet unless the court should further find that

plaintiff, for a valuable consideration, and without the knowledge or consent of Hauck, agreed to extend the time of payment after the note became due, and unless the court should further find that said contract for extension was such as to preclude the plaintiff from bringing suit upon said note against the makers thereof until the time to which such extension was made, then, and in that event, the court will find for the plaintiff.

5. If the court finds from the evidence that the interest upon the note sued on was, after it became due, paid by the makers to plaintiff, in advance, to any definite time or times, that said payment of interest in advance and promise to wait upon the makers thereof so much longer did not preclude the plaintiff from commencing an action against the makers of said note thereon to recover the principal thereof at any time after taking said interest and promise, and before the time to which said interest in advance had been paid; and unless the court believes from the evidence that there was some agreement other than as above stated, supported by a valid consideration, he will find for the plaintiff.

The counsel for appellant is in error with respect to what was decided in *Stillwell v. Aaron*, 69 Mo. 539. It was not that the mere fact of payment of interest in advance by a maker of a note, would discharge the surety; but that interest paid in advance for a definite period, was a sufficient consideration to support a promise by the holder of the note for forbearance during that period. The instructions given for plaintiff on that subject are in conflict with what was decided in *Stillwell v. Aaron*. They not only assert what is now to be regarded as the well settled law of this State, that the simple payment of interest in advance does not constitute an agreement for forbearance during the time for which interest in advance is paid; but that such payment of interest in advance, is not a sufficient consideration for an agreement for forbearance. This, as was held in *Stillwell v. Aaron*, is not the law.

For defendant the court instructed the jury that, " under the pleadings and evidence in this case the defendant, Hauck, is not liable in this suit to the plaintiff on the note sued on," and also that "the plaintiff had no power, at the time it received the note sued on, to discount promissory notes by authority of any statute under which it was incorporated, and if the court finds from the evidence in this case, that after the execution of the note sued on, said note was indorsed in blank by David Pinger, the payee therein named, and by him delivered to Pinger & Browne, and thereafter, before the maturity of said note, Pinger & Browne transferred and delivered said note to the plaintiff for or in consideration of the payment or delivery by plaintiff to said Pinger & Browne of the sum named as the principal of said note, less the interest, then defendant Hauck, is not liable to plaintiff in this action." These instructions took the whole case from the jury. The view of the trial court was that the transaction between plaintiff and the parties to the note was, as to the corporation, *ultra vires*. This question was determined in favor of the plaintiff by this court when this cause was here on a former occasion, 63 Mo. 118, and we see no reason to go over the same ground again. See also *Thornton v. The National Exchange Bank, ante,* p. 221; *National Bank v. Matthews,* 98 U. S. 629.

> 2. CORPORATION: ultra vires, when no defense against

The judgment rendered in the circuit court in this cause, which was reversed by this court, was an entirety. That judgment was in favor of Hauck and against David Pinger, but it was not reversed as to Hauck and left in force as to Pinger. The circuit court should, therefore, have rendered a judgment against David Pinger, and whatever may be the result of another trial between the plaintiff and Hauck, the court should enter a judgment against David Pinger if he continue in default. The judgment is reversed, and the cause remanded. All concur.

> 3. JUDGMENT.