SELWYN A. WAYMAN, Respondent, v. MARGARET J. JONES *et al.*, Appellants.

Kansas City Court of Appeals, May 14, 1894.

1. **Action:** GRANTEE ASSUMING MORTGAGE DEBT. If a grantee assumes by provision in his conveyance to pay a note secured by a mortgage on the property conveyed to him, he directly subjects himself to a liability to the holder of the note which can be enforced by the latter in a personal action.

2. **Principal and Surety:** VENDOR AND VENDEE: MORTGAGE DEBT: SUBROGATION. Where a vendee as part of the purchase price agrees to pay the mortgage debt, the vendor becomes the surety and the vendee the principal, and the vendor is entitled on payment of the debt to be subrogated to the rights of the mortgagee; the property in equity is regarded as the primary fund for the payment of the debt.

3. ————: AGREEMENT BETWEEN MORTGAGEE AND GRANTEE: DISCHARGE OF SURETY. A valid agreement by the mortgagee with the grantee of the mortgagor to extend the time of payment made without consent of the mortgagor discharges the latter; and this doctrine is supported by the great weight of authority.

4. ————: SURETY BY THE CONSENT AND OPERATION OF LAW. The distinction between a suretyship created with the consent of the creditor and that which arises by the operation of the law is denied.

5. ————: CONTRACT FOR EXTENSION: CONSIDERATION. In paying the interest due the principal pays only what he owes, and a stipulation for another year's time, depending alone on payment, is without consideration to support it. An extension which discharges the surety must be founded on an act depriving the creditor of the power to sue and thus preventing the surety from coming into a court of equity for relief.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

Wayman v. Jones.

*W. H. Leavitt* for appellants.

(1) Where grantee assumes mortgage indebtedness he becomes principal debtor to mortgagee and mortgagor, the surety. *Bank v. Wood*, 56 Mo. App. 214; *Fitzgerald v. Barker*, 70 Mo. 685; *Heim v. Vogel*, 69 Mo. 529; *George v. Andrews*, 60 Md. 26; *Calvo v. Davies*, 73 N. Y. 211; 1 Jones on Mortgages, sec. 742; *Flagg v. Gellmacher*, 98 Ill. 293; *Ins. Co. v. Hanford*, 143 U. S. 187. (2) Any valid agreement by the mortgagee with the grantee of mortgagor to extend the time of payment, made without the consent of the mortgagor, discharges the mortgagee. *Bank v. Wood*, 56 Mo. App. 214; *Ins. Co. v. Hanford et al.*, 27 Fed. Rep. 588; *Spencer v. Spencer*, 95 N. Y. 353; *George v. Andrews*, 60 Md. 26; *Calvo v. Davies*, 73 N. Y. 211; *Fish v. Hayward*, 28 Hun (N. Y.), 456; *Murray v. Marshall*, 94 N. Y. 611; *Ins. Co. v. Hanford et al.*, 143 U. S. 187; *Metz v. Todd*, 36 Mich. 473; *Remsen v. Beekman*, 25 N. Y. 552; *Hurd v. Callahan*, 9 Abb. N. C. (N. Y.) 374; *Jester v. Sterling et al.*, 25 Hun, 344; *Paine v. Jones*, 14 Hun, 577; *King v. Baldwin*, 2 Johns. Ch. 559; *Smith v. Rice*, 27 Mo. 505. (3) Any benefit to promisor, or detriment to promisee is a sufficient consideration. *Bank v. Wood*, 56 Mo. App. 214; *Stillwell v. Aaron*, 69 Mo. 545; *Given v. Corse*, 20 Mo. App. 135; *Murdock v. Lewis*, 26 Mo. App. 246; Parsons on Contracts [7 Ed.], 444 (side paging). As original bond bore interest at the rate of ten per cent. per annum from maturity until paid, and bond as extended, bore same rate of interest for one year from date (same as maturity of original bond) payable semiannually, it is evident that the extension secured to Wayman right to interest for one year; while under the terms of the original bond the indebtedness could have been discharged at any

time after maturity. This was certainly a benefit to promisor. Under the original contract the interest was payable yearly; while under the contract of extension the interest was payable semiannually. This was a benefit to promisor, and a detriment to promisee. (4) And the same rule would apply though rate of interest in original and extension is the same, for: "Where, after maturity, the creditor agrees to extend the time of payment for a definite period, and the principal agrees to pay the same rate of interest the debt would otherwise bear, for the time, the surety is thereby discharged. Brandt on Suretyship and Guaranty [1 Ed.], sec. 307, p. 415; *McComb v. Kittridge,* 14 Ohio, 348; *Fawcett v. Freshwater,* 31 Ohio St. 637; *Robinson v. Miller,* 2 Bush (Ky.), 179; *Chute v. Pattie,* 37 Me. 102; *Fowler v. Brooks,* 13 N. H. 240; *Wood v. Newkirk,* 15 Ohio St. 295; *Davis v. Lane,* 10 N. H. 156; *Blazer v. Bundy,* 15 Ohio St. 57; *Wheat v. Kendall,* 6 N. H. 504; *Stallings v. Johnson,* 27 Ga. 564; *Bank v. Wood, supra; Grubb v. Stille,* 61 Mo. 475. (5) Surety has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and a variation is made, it is fatal, and surety is thereby discharged. *Nofsinger v. Hartnett,* 84 Mo. 552, 553.

*Colvin & Colvin* for respondent.

(1) The proposition of law laid down by appellants' counsel, that where grantee assumes mortgage indebtedness he becomes principal debtor to mortgagee and mortgagor becomes surety, as between themselves, is correct. Brandt on Suretyship and Guaranty, sec. 24. And in such case the vendor is entitled, on payment of the debt, to be subrogated to the rights of the mortgagee, and may to that end compel the assign-

ment of the mortgage to him.  *Orrick v. Durham*, 79
Mo. 180; *Johnson v. Zink*, 51 N. Y. 333.  But the
relation of the vendor and mortgagor to the mortgagee
remains unchanged, and both the vendor and pur-
chaser may, as to him, be treated as principals; and
this relation will not be changed by an agreement
between the vendee and the mortgagee for an extension
of time.  *Corbett v. Waterman*, 11 Iowa, 86; *Thompson
v. Bertram*, 14 Iowa, 476; *Connecticut Mut. Life Ins.
Co. v. Mayer*, 8 Mo. App. 18; *Hill v. Gwin*, 51 Cal. 47.
The contract rights of the mortgagee can not be
changed by acts of the mortgagor and his grantee to
which the creditor is not a party. He may, therefore,
continue to hold the mortgagor as a principal debtor;
and while he so holds him there can be no discharge of
liability on the ground of indulgence to one who, for
certain purposes not affecting the creditor, stands
toward the original debtor in the relation of a prin-
cipal to his surety.  *Connecticut Mut. Life Ins. Co. v.
Mayer*, 8 Mo. App. 18.  The same case refuses to
recognize the rule laid down in *Calvo v. Davies*, 73 N.
Y. 211, that the surety relation between the grantor
and the grantee of mortgaged property is made to
embrace also the creditor in its legal effects.  (2) There
was no consideration for the extension of time granted
by respondent. In paying the interest, Samuel paid
only what he owed, and the stipulation for another
year's time, depending alone on this payment, was
without consideration to support it.  The giving of
time, which will discharge the surety, is not a mere
promise of indulgence; it is the act of the creditor
depriving himself of the power of suing, by something
obligatory, which prevents the surety from coming into
a court of equity for relief, because the principal hav-
ing tied his own hands, the surety can not release
them.  *Brown v. Kirk*, 20 Mo. App. 532; *Nichols v.*

*Douglas*, 8 Mo. 49. (3) The case of *Commercial Bank of Lexington v. Maria Wood*, cited by appellant's counsel, is not applicable to the present case. But in the case now before the court, while, among themselves, one of the appellants may be principal debtor and another surety, they are all principal debtors in their relation to respondent. *Life Ins. Co. v. Mayer*, 8 Mo. App. 18.

SMITH, P. J.—The defendant, Mrs. Jones, executed to one Collins her promissory note for $350, to secure which she also executed a mortgage on certain real property in Kansas City. Collins assigned the note to plaintiff.

Mrs. Jones conveyed by deed the mortgaged property to defendant J. Carver Jones. The last named defendant, by deed, conveyed the property to William A. Jones, who reconveyed the same to the defendant J. Carver Jones. The last named defendant, by deed, conveyed said property to J. Allen Henry, who, by deed, conveyed the same to J. Ray Samuels. That each of the grantees in said several deeds assumed the payment of said note; that after the maturity of said note the plaintiff, the holder of said note, entered into an agreement indorsed thereon, whereby the time of the payment thereof was extended for one year.

After the expiration of the time for which the note had been extended the property was sold under the mortgage, and failing to bring enough to pay off the note and interest, this suit was brought by the plaintiff assignee against Mrs. Jones, the maker, and the other two defendants who had assumed the payment thereof, for the deficiency. The question arising on these facts is, whether the defendant Mrs. Jones is liable on the note. Her contention is, that she was, as to the plaintiff, in law, but a surety, and that by reason of the extension of the time of the payment of the note

by plaintiff, she was discharged from liability. This is by no means a groundless contention. The law is very well settled in this jurisdiction, that when a purchaser of real property accepts and holds under a conveyance which contains a clause reciting that he has assumed to pay a note secured by a mortgage on the property so conveyed to him, that he directly subjects himself to a liability to the holder of the note which can be enforced by the latter in a personal action. *Heim v. Vogel*, 69 Mo. 529; *Fitzgerald v. Barker*, 70 Mo. 685; *Kline v. Isaacs*, 8 Mo. App. 568.

If one owning real estate incumbered by a mortgage, to secure his debt, sells it, and the vendee as a part of the purchase price agrees to pay the mortgage debt, the vendor becomes the surety for the mortgage debt, and the vendee becomes the principal and the vendor will, as to such debt, be entitled to the same rights and remedies against the vendee that any surety has against his principal. Brandt on Suretyship & Guar., sec. 37; *Orrick v. Durham*, 79 Mo. 174; *Fitzgerald v. Barker*, 70 Mo. 685; *Heim v. Vogel*, 69 Mo. 529. And in such case the vendor is entitled on payment of the debt to be subrogated to the rights of the mortgagee. *Orrick v. Durham, supra*. This rests upon the principle that in equity the property becomes a primary fund for the payment of the debt. *Johnson v. Zink*, 51 N. Y. 333; 1 Story on Eq., sec. 499.

And any valid agreement by the mortgagee with the grantee of the mortgagor to extend the time of payment made without the consent of the mortgagor discharges the latter. This statement of the law is supported by the great weight of authority as will be seen by reference to the following citations: *Bank v. Waterman*, 134 Ill. 461; *Union Mutual Life Ins. Co. v. Hanford*, 27 Fed. Rep. 588; *Spencer v. Spencer*, 95 N. Y. 353; *George v. Andrews*, 60 Md. 26; *Calvo v. Davies*, 73 N.

Y. 211; *Fish v. Hayward*, 28 Hun (N. Y.), 456; *Murray v. Marshall*, 94 N. Y. 611; *Union Mutual Life Ins. Co. v. Hanford*, 143 U. S. 187; *Metz v. Todd*, 36 Mich. 473; *Remsen v. Beekman*, 25 N. Y. 552; *Hurd v. Callahan*, 9 Abb. N. C. (N. Y.) 374; *Jester v. Sterling*, 25 Hun, 344; *Paine v. Jones*, 14 Hun, 577; *King v. Baldwin*, 2 Johns. Ch. 559. In *Bank v. Wood*, lately decided by us, 56 Mo. App. 214, the indorsee of the mortgage note entered into a valid agreement with the grantee of the mortgagor for the extension of the time of the payment of the note without the consent of the mortgagee and indorser of the note and it was held that the effect of this was to discharge the mortgagee and indorser.

It is a mistake to say that the great weight of authority preponderates in favor of the opposing view expressed in a few cases. *Corbett v. Waterman*, 11 Iowa, 86; *Crawford v. Edwards*, 33 Mich. 354; *Insurance Co. v. Mayer*, 8 Mo. App. 18. There is no distinction between a suretyship created with the consent of the creditor and that which arises by operation of law. The principle is applicable alike in both classes, as is abundantly shown by the authorities which we have already referred to.

Applying these principles it would seem clear that if the plaintiff, the holder of the mortgage note, entered into a valid agreement with Samuels, the grantee, for the extension of the time of the payment without the consent of the defendant, Mrs. Jones, the mortgagor surety, the effect of this was to discharge her.

But was the agreement entered into between plaintiff and Samuels valid, for, if it was, the defendant, Mrs. Jones, is not liable, and, if it was not, she is. It appears that there was no consideration for the extension of time granted by plaintiff. In paying the interest, Samuels paid only what he owed, and the stipulation for

another year's time, depending alone on this payment, was without consideration to support it. The giving of time, which will discharge the surety, is not a mere promise of indulgence; it is the act of the creditor depriving himself of the power of suing, by something obligatory, which prevents the surety from coming into a court of equity for relief, because the principal having tied his own hands, the surety can not release them. *Brown v. Kirk*, 20 Mo. App. 532; *Nichols v. Douglas*, 8 Mo. 49.

Judgment affirmed. All concur.