Donovan Real Estate Co. v. Clark.

# J. T. DONOVAN REAL ESTATE COMPANY, Appellant, v. OLIVER F. CLARK, Respondent.

### St. Louis Court of Appeals, April 10, 1900.

1. **Promissory Note: EXTENSION OF TIME: SURETY, CONSENT OF: CONSIDERATION: CREDITOR: DEBTOR.** The extension of the time of payment of a promissory note, without the consent of the surety to have the effect to release him, must be upon a consideration "creating a valid and enforcible obligation against the creditor with respect of the enforcement of his claim against the principal debtor."

2. ———: ———: ———: **AGENT.** In the case at bar the note was entrusted to Donovan Real Estate Company as the agent of Munchow. He ratified, if he did not expressly authorize the extension of time of payment, and is bound by the act of his agent.

3. ———: ———: ———. And the forbearance having been bought and paid for, released the surety.

Appeal from the St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*John S. Leahy* and *Jno. N. Straat* for appellant.

(1) The only question to be determined by this court is, whether or not there was a valid consideration for the extension of the original note for $1,400. If there was no valid consideration of such extension, the respondent is liable for the balance due on his note. If there was a valid consideration for such extension, he is not liable. The point here involved has been fully discussed and settled in this state. Brown v. Kirk, 20 Mo. App. 532; Wayman v. Jones, 58 Mo. App. 313; Nichols v. Douglass, 8 Mo. 49; Harburg v. Kumpf, 52 S. W. Rep. 19. The case in 58 Mo. App. is precisely like

the one at bar, and the decision of the court is squarely on the point at issue. (2) The effect that an extension of a note by agreement between the holder and the principal debtor will have on the surety's obligation is no new subject in the courts of this state. In Stillwell v. Aaron, 69 Mo. 539, per Henry, J., it is said: "It has been uniformly held in this state that if a creditor for a valuable consideration makes an agreement with the principal debtor which suspends his right of action on the demand for a definite period of time, without the consent of the surety, it operates to discharge the surety." And in that case it is also held that payment of interest in advance is a sufficient consideration to support the contract for extension. Ins. Co. v. Hauck, 71 Mo. 465. In West v. Brison, 99 Mo. 684, it is said: "Again when the surety claims to have been discharged by reason of an agreement between the creditor and the principal debtor extending the time for payment, it must appear that the agreement was for a valid consideration, and that the extension was for a definite period of time."

*Wm. F. Smith* for respondent.

(1) There is no case in Missouri which applies the law to facts as found by the court in this case; but the quotations made by the learned counsel from cases cited in Missouri, of the supreme court and the courts of appeal, are either mere *dicta,* or are addressed to a wholly different state of facts. No court in this state, and, so far as I can find, in any other state, has ever held that there is no consideration for a written contract, made reciprocal and binding on both parties by appropriate writings, as in this case, that is, where the assuming party executes semiannual interest notes to cover the interest to accrue for a fixed future period, and the holder of the mortgage accepts such notes and indorses a written contract on the back of the principal note, agreeing to the exten-

sion for the same period.   There is no case in Missouri where the effect of the giving of renewal interest notes for the renewal period was considered with reference to the question of a valid consideration to sustain the agreement; hence, this case is distinguishable from all the cases cited and relied on by the learned and industrious counsel for appellant.   (2) Transactions of the kind in question are so frequent in the city of St. Louis, that the determination of this question adverse to respondent's contention would play havoc with loaning interests, both borrower and creditor.  Being plaintiff and having taken the note with notice of all the facts, having participated in the arrangement of renewal made in its own name for which it was paid, the plea of want of consideration comes of ill grace from it; and it ought not to be heard under the circumstances on that plea.   The doctrine of estoppel *in pais* can justly be invoked against it—and also against Munchow—in so far as the rights of the Donovan Co. are derivative, and are affected by the alleged infirmities of the contract as between Munchow and Lewis.   (3) · Our courts have gone further in sustaining the consideration of renewal agreements than those of most other states, as evidenced by the cases of Stillwell v. Aaron, 69 Mo. 539; St. Joseph Insurance Co. v. Hauck, 71 Mo. 465, Wild v. Howe, 74 Mo. 551.

BLAND, P. J.—In lieu of a bill of exceptions containing the evidence, the cause is brought here on the following finding of facts and conclusions of law made by the trial judge, before whom the cause was tried without a jury, to wit:

"On July 13, 1892, Oliver F. Clark, the defendant, and Elizabeth, his wife, executed to Joseph T. Donovan, as trustee, a deed of trust on certain property owned by Clark, to secure the payment to B. J. McNulty of one principal note of $1,400 payable three years after date, and six semiannual interest notes of $42 each.

"On June 10, 1893, Clark sold the property which secured the deed of trust, to Frank E. Lewis, subject to the note of $1,400 and interest secured by the deed of trust aforesaid, which said Lewis assumed and agreed to pay. This assumption and agreement to pay is expressed in the deed from Clark to Lewis. On the back of the $1,400 note mentioned aforesaid is indorsed the following.

"The time of payment of within note is hereby extended for three years from July 13, 1895, at six per cent, provided interest is paid semiannually in accordance with notes hereto attached in the name of F. E. Lewis.

(Signed)            "J. T. Donovan Real Estate Co."

"At the time of the renewal of the note one Munchow was its owner, and the plaintiff, in making said renewal, acted as his agent, and received therefor from F. E. Lewis a commission of two and one-half per cent, no part of which was paid to said Munchow.

"Plaintiff, at the time the note was renewed, turned over to Munchow the renewal notes made by F. E. Lewis for semiannual interest payments due during the period of this extension. Said Munchow knew at the time the renewal was indorsed upon said $1,400 note that said F. E. Lewis, who executed the semiannual interest payment notes, had assumed the payment of said principal note.

"Defendant Clark had no knowledge of the aforesaid extension, and never consented thereto.

"All of the original interest notes signed by Clark and all of the renewal notes signed by Lewis were paid.

"On December 5, 1898, the property was sold for failure to pay the $1,400 principal note, and the sum of $964.84 was credited on the note. This suit is against the maker, Clark, for the balance of $435.16 alleged to be due on the note.

"After the foreclosure sale of the property on December 5, 1898, plaintiff having warranted the payment of the note by Clark at the time of its sale to Munchow, made good its

guaranty to said Munchow and acquired from him said note for $1,400.

"As conclusions of law upon the foregoing facts, the court finds:

"First: That upon the transfer of the property by Clark to Lewis and the assumption by Lewis of the payment of said note of $1,400, with the knowledge of the holder of said note, said Lewis became, as to the holder of said note, the principal debtor, and the said Clark was, as to said holder a surety.

"Second: That the giving of the renewal notes by said F. E. Lewis to Munchow, the holder of said note at said time, was a good and valid consideration for the agreement by said Munchow indorsed upon the back of said note to extend the time of payment for three years from and after July 13, 1895, and said agreement of extension having been made without the knowledge of the defendant, Oliver F. Clark, discharged him from all liability upon the note executed by him.

"It follows that judgment should be entered in favor of the defendant."

The appellant does not question the correctness of the first declaration of law given by the trial court, and we shall not discuss it. The contention of appellant is that the extension of the time for payment of the note and the taking of new interest notes extending over the time of the agreed period of forbearance, and the payment of two and one-half per cent commission to the plaintiff as agent of the holder of the note in consideration of this extension, was without consideration, and therefore did not have the legal effect to release Clark as surety on the note. It is well settled law that the extension of the time of payment of a promissory note, without the consent of the surety to have the effect to release him, must be upon a consideration "creating a valid and enforcible obligation against the creditor with respect of the

enforcement of his claim against the principal debtor." Barrett v. Davis, 104 Mo. loc. cit. 558; Harburg v. Kumpf, 151 Mo. 16; Wayman v. Jones, 58 Mo. App. 318.

I.    Did the agreement indorsed on the note in suit, and the facts as found by the trial court, have the effect to deprive Munchow of the right to enforce payment against Lewis the maker at its maturity (July 13, 1895), is the question presented for decision.    The facts with slight variations are similar to the facts in the case of Wayman v. Jones, *supra,* and would be controlled by that case, but for the fact, that in the case at bar interest notes extending over the period of extension were given, and two and one-half per cent commission was paid for the forbearance, whereas in the Wayman case there was simply a bald agreement to extend the time of payment for one year.    The finding of the facts recites that the two and one-half per cent commission was paid to the Donovan Real Estate Company, the agent of Munchow, and that the agent, not Munchow, got the commission. The agent held the note and made the contract of extension.    Munchow knew of this and accepted the additional interest notes without objection.    He is therefore bound by what his agent did, and the transaction is not different had he instead of his agent made the contract of extension and received the two and one-half per cent commission for granting the extension.    To call the payment of the two and one-half per cent commission does not alter the fact that it was so much money paid, not on the note, nor as interest, but for the forbearance.    The note was entrusted to the Donovan Real Estate Company as the agent of Munchow.    He ratified, if he did not expressly authorize the extension of time of payment, and is bound by the contract his agent made.    Summerville v. Railroad, 62 Mo. 391; Ferris v. Thaw, 72 Mo. 446; Turner v. Railroad, 51 Mo. 501.    The forbearance having been bought and paid for, released the surety.

II.   In Stillwell v. Aaron, 69 Mo. 539; St. Joseph Fire Ins. Co. v. Hauck, 71 Mo. 465; and Insurance Company v. Hauck, 83 Mo. 27, it was held that payment of interest in advance on a note for a definite period is a sufficient consideration to support a promise by the holder for forbearance during that period, so as to release a surety, if the promise was made without his consent.   Lewis did not pay interest in advance to secure the forbearance, but he did what was equivalent to payment in advance, he executed six separate and additional notes for the interest to become due in six successive periods of six months and all after July 13, 1895, the day the note matured.   As to the interest he entered into a new contract by giving new notes, whereby he enlarged his obligation and increased his liabilities, and had he been sued on the principal note before the expiration of the period of forbearance, it seems to us he could have successfully pleaded this new contract, these unmatured interest notes as a bar to present recovery.   If so, then the extension of time of payment put Munchow the holder of the note in a position where he could not enforce collection of the note at maturity.   This was done without the consent of the surety, and according to all the authorities released him.   The judgment is affirmed. Judge *Bond* concurs; Judge *Biggs* absent.