June Term,
1861.

COLLINS
v.
CHICAGO, ST.P.
& F. DU L. R.
R. Co.

COLLINS VS. THE CHICAGO, ST. PAUL & FOND DU LAC
RAILROAD COMPANY.

An averment in a complaint that certain railroad companies authorized by law to consolidate, did consolidate and become one corporation under a certain name, is a sufficient averment of the consolidation, without setting forth in detail the steps taken by the different companies to effect such consolidation.

APPEAL from the Circuit Court for *Dane* County.

This was an action to recover the value of the retainer and services of the plaintiff, as an attorney for the Rock River Valley Union Railroad Company, during two years last preceding the 11th of December, 1854. The defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action; but the circuit court overruled the demurrer, and from this decision the defendant appealed.

*Enos & Hall*, for appellant.

*Collins, Atwood & Haskell*, for respondent.

December 11.   *By the Court*, COLE, J.   Although the complaint in this case is not as specific and certain as it might have been, in setting forth the various steps taken to consolidate the different railroad companies therein mentioned, still we think it is sufficient on demurrer.

The complaint states that the Rock River Valley Union Railroad Company was made and became in 1850 a corporation, and so remained up to the time of the accruing of the indebtedness to the respondent; that thereafter, by an act of the legislature passed and approved on the 10th day of March, 1855, it was authorized to consolidate with the Illinois & Wisconsin Railroad Company, and that it did in that year consolidate and become a corporation, under the name and style of the *Chicago, St. Paul & Fond du Lac Railroad Company;* that the latter company was afterwards authorized by the legislature to consolidate, and did in 1857 consolidate with the Wisconsin & Superior Railroad Company, and became a corporation under the name of the appellant in this action; and that the indebtedness of the Rock

River Valley Union Railroad Company to the respondent for professional services, thus, under these various acts of consolidation, became due from the appellant. This is the substance of the complaint.

Now, although these allegations in respect to the consolidation of the various companies are quite general, we do not see how they could be more specific without setting forth in detail all the steps taken by the different companies to effect their consolidation and make it complete. If that course had been adopted, and all the matters connected with these transactions had been set forth, it is very evident the complaint would have been very prolix. If general averments in a pleading are ever permissible, surely no case could be presented where convenience would excuse their use more than in the case at bar. It would be a work of great labor to set forth all the acts and doings of these companies in completing their various consolidations; and as the respondent probably has not access to the books and records of the companies, it might be beyond his power to do it. We therefore think the averments of the complaint should be deemed sufficiently explicit, on demurrer. They must be considered as equivalent to alleging that everything was done, and every step taken by the various companies to render their acts of consolidation complete and effectual. This we understand to be the only objection to the complaint, that it fails to show that the different companies did the acts and took the steps required by them to create a new company by the name of the appellant. In this respect we think the complaint sufficient.

The order of the circuit court overruling the demurrer to the complaint is therefore affirmed.