## Alexander Patterson, Plff. in Err., *v.* Jacob Colmer.

The statute of limitations begins to run against an oral contract, by the purchaser of real estate, to pay a mortgage debt existing as a lien against the real estate, from the time the debt is due and payable, and not, as in the case of a contract of indemnity, from the time when payment is enforced.

(Decided November 15, 1886.)

Error to Common Pleas No. 2 Allegheny County to review a judgment entered for want of a sufficient affidavit of defense in an action of assumpsit. Reversed.

Colmer, being sued May 25, 1885, upon a bond accompanying a mortgage, gave notice to Patterson, who had purchased the premises subject to the mortgage, to appear and defend. Judgment was taken by default against Colmer June 15, and fi. fa. issued October 30, 1885, and levy made. Colmer paid the judgment October 31, 1885, and brought this suit the same day, alleging, in his statement of claim, an oral contract to pay the mortgage debt, and that the amount of the mortgage had been deducted from the purchase money. The defendant filed an affidavit of defense denying the oral contract, alleging that he

NOTE.—The same determination is made in Furst v. Building & Loan Asso. 128 Pa. 183, 18 Atl. 341. In Evans v. See, 23 Pa. 88, where the vendee retained part of the consideration to pay arrears of ground rent, but failed to pay for more than six years, whereupon the vendor paid, the statute was held to be a bar, but a recovery was allowed on a count for money had and received.

had simply bought the property subject to the lien of the mortgage; that he had sold the property before any instalment of principal or interest became due; that the land was still ample security for the debt; that the last instalment became due April 22, 1870, and that therefore the statute of limitations had barred the claim. The plaintiff took a rule for judgment, for want of a sufficient affidavit of defense.

The court, WHITE, J., entered judgment for the plaintiff on the ground that the defendant did not deny that he bought under and subject to the payment of the debt and that this constituted an agreement to indemnify the plaintiff, citing Burke v. Gummey, 49 Pa. 518, and Moore's Appeal, 88 Pa. 450, 32 Am. Rep. 469; and, further, that retaining the purchase money to pay the debt would, of itself, raise a promise.

The assignments of error specified the action of the court in making the rule for judgment, for want of a sufficient affidavit of defense, absolute; and in entering judgment for the plaintiff.

*J. M. Stoner* and *I. N. Patterson,* for plaintiff in error.—Contended that there was no personal liability, and that it was, at most, a liability to make good any deficiency after the land was exhausted, citing authorities.

*Edwin S. Craig,* for defendant in error.—Contended that the statute of limitations did not begin to run until October 31, 1885, citing Keller v. Rhoads, 39 Pa. 513, 80 Am. Dec. 539; and Taylor v. Gould, 57 Pa. 152.

OPINION BY MR. JUSTICE TRUNKEY:

This action is to recover money alleged to be due and owing on an alleged oral contract. The plaintiff avers in his affidavit of claim, that on November 17, 1868, he sold and conveyed a lot of land to the defendant, subject to the payment of a debt to William Bakewell, secured by bond and mortgage, "in consideration of which sale and conveyance, and as part of the purchase money therefor, said defendant agreed to and with said plaintiff to pay the debt aforesaid, amounting to the sum of $218, with interest from February 22, 1868, and deducted that amount from the purchase money aforesaid."

The affidavit of defense, among other things, avers that the last instalment of that debt was due on April 22, 1870, and sets up the defense that the plaintiff's claim is barred by the statute of limitations.

The contract, as stated by the plaintiff, shows a provision by the defendant to pay the debt presently. Certainly the defendant was bound to pay it as soon as it became due. Then he could tender the money to Bakewell, and then, if he did not pay or tender payment, there was a breach of his contract. His contract was not to indemnify, it was to pay the debt for Colmer. The statute of limitations began to run as soon as the contract was broken by the defendant.

At present there is no occasion to notice other questions.

Judgment reversed and *procedendo* awarded.