HOLBERT M. FENDER, Defendant in Error, v. S. A. HASELTINE et al., Plaintiffs in Error.

**Kansas City Court of Appeals, March 7, 1904.**

1. **MORTGAGES: Grantee's Assumption of Debt: Principal and Surety.** Where a grantee in a deed assumes the mortgage on the conveyed premises, he becomes the principal debtor and the grantor has all the rights of a surety.

2. ———: ———: **Reformation of Deed: Limitation.** A grantor in a deed may show by parol that the grantee assumed the mortgage on the premises notwithstanding it was omitted from the deed by fraud or mistake, and on the evidence the question of limitation does not arise.

3. **APPELLATE PRACTICE: Motion for New Trial.** Where the action of the trial court is not complained of in the motion for a new trial the appellate court can not notice it.

Appeal from Polk Circuit Court.—*Hon. W. W. Graves,* Judge.

AFFIRMED.

*Chas. J. Wright* and *S. A. Haseltine* for plaintiff in error.

(1) The Missouri statute of limitations (fifth clause of section 4273, Revised Statutes of 1899), is a bar to the cause of action set out in the petition as the petition alleges, the fraud was committed in 1889 and suit was not brought until 1901. R. S. 1899, sec. 4273; Ruff v. Millner, 92 Mo. App. 620. (2) Our statute of limitations applies to proceedings in equity as well as at law and the statute began to run to make the ten years when the act complained of was done, to-wit, 1889. There was no continuing fraud charged or proven. Thomas v. Mathews, 51 Mo. 107; Rogers v. Bown, 61 Mo. 187; Benedict v. Bank, 6 Mo. App. 317; Lewis v. Schwenn, 93 Mo. 26.

(3) "Avoidance of the statute must be specially pleaded." Plaintiff did not plead an avoidance of the statute of limitations, therefore the objection to the introduction of any evidence should have been sustained. 13 Ency. Plead. and Prac., p. 233; Moore v. Mining and Smelting Co., 80 Mo. 86; R. S. 1899, secs. 608, 628. (4) The contract alleged to have been made was a contract of surety or guarantee to pay the debt of another, and did not accrue within five years next before filing this suit and therefore the plaintiff has no cause of action, and the demurrer should have been sustained. Maddox v. Duncan, 143 Mo. 613; Regan v. Williams, 88 Mo. App. 585; Corbyn v. Brockmeyer, 84 Mo. App. 649.

*A. S. Cowden* and *Rechow & Pufahl* for respondent.

(1) The petition states facts sufficient to constitute a cause of action. Heim v. Vogel, 69 Mo. 535; Fitzgerald v. Barker, 85 Mo. 14; Fitzgerald v. Barker, 70 Mo. 685. (2) The assumption of the payment of the debt may be shown by parol. Bensieck v. Cook, 110 Mo. 173. (3) And by that act the plaintiff became surety for the Haseltines and his cause of action accrued when he was compelled to pay the debt. Bank v. Wood, 56 Mo. App. 217; Bank v. Klock, 58 Mo. App. 348. (4) And limitation does not begin until the fraud is discovered. Thomas v. Mathews, 51 Mo. 107; Hickman v. Hickman, 46 Mo. App. 508; Rodgers v. Brown, 61 Mo. 191; R. S. 1899, sec. 4273. (5) Additional considerations outside of the amount mentioned in the deed may be shown by parol. Lantman v. Ingram, 49 Mo. 212; Johnson v. Elmer, 59 S. W. 605; Harrison v. McGuire, 18 Mo. App. 522; Bensieck v. Cook, 110 Mo. 186; Johnson v. Elmer, 59 S. W. 253. (6) If the recital in the deed was either fraudulently or by mistake omitted from the deed, parol evidence is admissible to show it. Lenville v. Savage, 58 Mo. 253; Loewen v. Forsee, 137 Mo. 40.

ELLISON, J.—Plaintiff owned a farm in Polk county and defendants owned a house and lot in Springfield, Missouri. Each property was encumbered by a mortgage of $400. The note and mortgage which plaintiff owed on his farm was dated April 1, 1887, and was due in five years from date. In the year 1899 the parties agreed to an exchange, each to assume payment of the mortgage on the other's property. Defendants wrote the deeds, and in the deed from them to plaintiff, they wrote that plaintiff assumed payment of the mortgage on the house and lot. But in the deed from plaintiff to them they omitted to write that they assumed payment of the mortgage on the farm. Plaintiff charges that this omission was caused by fraud or mistake. Plaintiff paid off and discharged the mortgage which he assumed, but the mortgage on the farm which defendants should have assumed was not paid. It was afterwards foreclosed and failed to realize the amount of the debt. Afterwards, plaintiff was sued for the balance and judgment for $239.80 rendered against him therefor, which he paid on the twenty-fifth of June, 1901.

Thereupon, on the twenty-ninth of June, 1901, plaintiff brought the present action in two counts. The first was in equity to reform the deed which he made to defendants for the farm so that it would show that they had assumed to pay the mortgage thereon. The second count was for the money he paid on the judgment for balance due after foreclosure.

At request of defendants the trial court submitted the question whether defendants were to assume the mortgage on the farm and whether a clause to that effect had been omitted from the deed by mistake of the parties, or the design of defendants. The plaintiff affirmed and the defendants denied. The jury answered each question in the affirmative and the court adopted such finding as its own.

The issues arising on the second count were at defendants' request submitted to the same jury and the verdict was for the plaintiff. Whereupon, a proper decree and judgment was rendered for the plaintiff, and defendants appealed.

The chief question here is the defense of the statute of limitations. The defendants in assuming the payment of the note executed by plaintiff became the principals therein subject to the obligation imposed by the note just as plaintiff had been. Plaintiff became surety on the note with all the rights of a surety. Nelson v. Brown, 140 Mo. 580; Pratt v. Conway, 148 Mo. 291; Com'l Bank v. Wood, 56 Mo. App. 217; Wayman v. Jones, 58 Mo. App. 313; Amer. Nat'l Bank v. Klock, 58 Mo. App. 335; Regan v. Williams, 88 Mo. App. 577. Therefore, defendants owed a note dated in 1887, but not due till 1892, and not subject to a plea of limitation until ten years thereafter, to-wit, 1902. Plaintiff was sued on the note, judgment obtained thereon and paid by him. and this suit instituted, all before limitation had run the limited period.

But defendants urge that the five year period of limitations applied to plaintiff's action to reform the deed and that that period had expired before the action was brought. It is unnecessary to consider that question. Plaintiff had a right to show by parol that defendants assumed the mortgage notwithstanding it was omitted from the deed by fraud or mistake. Nelson v. Brown, 140 Mo. 580; Bensieck v. Cook, 110 Mo. 173; Burnham v. Dorr, 72 Maine 198. So that part of the case looking to a reformation of the deed was a burden which plaintiff need not have assumed. But in taking up that burden, plaintiff showed a case which entitled him to the judgment he obtained. That is to say, the case stated in the petition and shown in evidence, showed plaintiff's right to the judgment without regard to whether the deed was reformed, or left as it was.

Defendants asked the court to appoint a special

sheriff to summons a jury on the alleged ground that plaintiff was a deputy sheriff. There is no statement that as such deputy he had any connection with selecting the jury, or keeping them in charge. However that may be, though there are twenty-five reasons set out in the motion for new trial why it should be granted, that is not one of them.

What we have already said practically disposes of most of the contentions made by defendants, save that in reference to the sufficiency of the evidence to sustain the judgment. We have gone over the record in that respect and find ample ground for the conclusion of the learned trial judge and the jury.

The judgment will therefore be affirmed. All concur.