JACKSON CONSOLIDATED TRACTION CO. *v.* JACKSON CIR-
CUIT JUDGE.

CORPORATIONS—ACTIONS—PLEADINGS—AVERMENT OF CONSOLIDA-
TION—EVIDENCE—JUDICIAL NOTICE.

> In an action against a domestic corporation, a general aver-
> ment that it is a consolidation of other domestic corporations
> is sufficient, since the court takes judicial notice of the legal
> consequences of such consolidation.

Mandamus by the Jackson Consolidated Traction Com-
pany to compel James A. Parkinson, circuit judge of Jack-
son county, to vacate an order granting discovery of rela-
tor's books and papers. Submitted November 17, 1908.
(Calendar No. 23,117.) Writ granted March 3, 1909.

*Sanford W. Ladd*, for relator.

*Thomas, Cummins & Nichols*, for respondent.

MONTGOMERY, J. One Thomas Green, of the city of
New York, instituted a suit in the circuit court for the
county of Jackson by summons against the relator on the
8th of May, 1908. Shortly thereafter a petition was filed
by the plaintiff, Green, asking to have certain books and
papers of the relator produced in court to enable the said
Green, as such plaintiff, to declare upon his cause of action,
which consisted of a judgment theretofore recovered
against the Jackson & Suburban Traction Company in the
circuit court of the United States for the southern district of
New York. The petition, asking for the discovery of the
books and papers, avers that the defendant in that case,
the present relator, is a consolidation of the Jackson &
Suburban Traction Company and certain other corpora-
tions, to wit, the Wolf Lake Railway & Resort Company
and the Highland Resort Company, and avers that an ex-
amination of the books and papers of these various corpora-

tions would show such to be the case. The order for production of these books and papers was made by the circuit judge, and, the motion to vacate that order having been entered and denied, this is a petition for a mandamus to compel the vacation of such order.

It is conceded by the respondent's counsel that the sole question is as to whether the facts averred in their petition for the production of the books and papers show that they have sufficient information upon which to base a declaration. It is said that if a general averment that the present relator is a consolidation of the various companies named, then the necessity for a discovery does not exist. But if it is necessary to aver in detail the facts showing the incorporation, then a discovery is essential. We think that the general allegation is sufficient. See Noyes on Intercorporate Relations, § 91, p. 146, and *Collins* v. *Railroad Co.*, 14 Wis. 492. The case of *Hubbard* v. *Chappel*, 14 Ind. 601, was not a case dealing with domestic corporations, and is therefore distinguishable from the Wisconsin case, as in case of domestic corporations the court takes judicial notice of the legal consequences of a consolidation, whereas in case of a consolidation occurring in a foreign jurisdiction, these consequences depend upon proofs, and hence require specific allegations.

As we are of the opinion that the plaintiff's counsel, in the case of Green v. Jackson Traction Co., was in possession of sufficient information to enable them to declare, the order for the production of the books and papers was improvidently made, and the writ will be granted as prayed.

Blair, C. J., and Grant, Ostrander, and Brooke, JJ., concurred.