## McCASLIN v. PITTSBURG FOUNDRY & MACHINE CO. (No. 2373.)

(Court of Civil Appeals of Texas. Texarkana. June 24, 1921.)

**1. Limitation of actions ⊜46(12) — When cause of action on assumption of mortgage debt accrues stated.**

Where purchaser of a half interest in a sawmill verbally assumed half of the seller's mortgage indebtedness, and later bought the other half of the sawmill and verbally assumed all the mortgage indebtedness, the cause of action in the mortgagee's favor for the part of the indebtedness due when the buyer assumed the payment thereof arose at the time the agreement to assume was made, and the cause of action for the part not then due arose when that part became due.

**2. Limitation of actions ⊜28(1), 165—Oral promise to assume mortgage governed by two-year statute; foreclosure held proper, although notes barred by limitations.**

Where a purchaser of a half interest in a sawmill verbally assumed payment of half the mortgage indebtedness of his vendor, and later purchased the other half, and also assumed the remaining half of the indebtedness, the contract of assumption not being a contract in writing, the two-year statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 5687) applied, and the mortgagee could not recover a personal judgment against the purchaser, where more than two years had elapsed from the time of the assumption and maturity of the debt; but this did not prevent the mortgagee from foreclosing the mortgage assumed, the notes not having been barred at the time of the purchase.

Appeal from District Court, Camp County; J. A. Ward, Judge.

Action by the Pittsburg Foundry & Machine Company against L. B. McCaslin. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

M. M. Smith, of Pittsburg, for appellant.
Bass & Engledow, of Pittsburg, for appellee.

WILLSON, C. J. [1, 2] In May, 1916, appellant bought of one Couch a half interest in a sawmill, and as a part of the consideration therefor verbally assumed the payment of half of certain indebtedness of Couch to appellee, evidenced by four promissory notes, dated January 4, 1916, three of them for $80 each, and the other for $54.64, interest and attorney's fees, due June 1, July 1, August 1, and September 1, 1916, respectively, and secured by a mortgage on said sawmill. In August, 1916, appellant bought of Couch the other half of the sawmill, and then verbally assumed the payment of all of the indebtedness evidenced by said notes. This suit, commenced by appellee against appellant May 21, 1920, was to recover the amount of said notes. It resulted in a judgment in appellee's favor against appellant for the amount sued for, to wit, $480.65, and foreclosing the mortgage lien on the sawmill. In orally affirming the judgment on the 2d instant this court, as was pointed out in appellant's motion for a rehearing, overlooked the fact that he urged the statute of limitations of two years as a defense against the recovery sought by appellee. The indebtedness of Couch, as between him and appellant, became primarily indebtedness of the latter when he assumed to pay it. But his obligation to pay it was "not evidenced by a contract in writing." Therefore he had a right to invoke the statute of limitations of two years. Article 5687, Vernon's Statutes. The cause of action in appellee's favor for the part of the indebtedness due when appellant assumed the payment thereof arose at that time, and its cause of action for the part not then due arose when same became due. Patterson v. Colmer (Pa.) 6 Atl. 758; Fender v. Haseltine, 106 Mo. App. 28, 79 S. W. 1018; 25 Cyc. 1070; Wood on Limitation (3d Ed.) § 165. As more than two years had elapsed between those times and the time when the suit was commenced, the statute operated to bar the right of appellee to recover a personal judgment against appellant. Therefore the judgment in that respect was erroneous. But, as appellee points out, the fact that it was not entitled to a personal judgment against appellant was not a reason why it should have been denied a foreclosure of the mortgage and sale of the property it covered to satisfy the amount shown to be unpaid of the indebtedness appellant assumed to pay, for it appeared that its cause of action on the notes was not barred at the time it commenced its suit. Appellee insists, and we agree, its contention is supported by Beitel v. Dobbin, 44 S. W. 299, and Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330. In the Beitel Case the court said:

"The promise of Hoefling to pay the note sued on being verbal, * * * and more than two years having elapsed from the time it was made until the suit was instituted, appellant's action on the promise is barred by the statute of limitations, and therefore Hoefling cannot be held personally liable for it. But as he accepted the conveyance from Dobbin subject to appellant's mortgage upon the premises, and the debt secured by it not being barred, and having never been discharged, appellant is entitled to have his mortgage upon the land foreclosed on the land, as against Hoefling."

The orders of this court heretofore made with reference to the merits of the appeal will be set aside. The judgment of the trial court will not be disturbed, so far as it awarded a foreclosure of the mortgage lien on the property therein described, and directed a sale thereof to satisfy the amount of the notes found to be unpaid, but it will

be modified, so as to deny appellee a recovery against appellant for any sum of money. As so modified, the judgment will be affirmed. The costs of the appeal will be adjudged against appellee.