704

## GUERINGER v. ST. LOUIS, B. & M. RY. CO.
### (No. 1285—5345.)

Commission of Appeals of Texas, Section A.
Feb. 5, 1930.

R. H. Ward, of Houston, for plaintiff in error.

Andrews, Streetman, Logue & Mobley, of Houston, for defendant in error.

HARVEY, P. J. This is a suit by the plaintiff in error, L. A. Gueringer, against the defendant in error, St. Louis, Brownsville, & Mexico Railway Company, to recover a certain debt for which the latter is alleged to be liable. The defendant company interposed a general exception to the plaintiff's petition. This exception was sustained by the trial court, and, the plaintiff declining to amend, a judgment of dismissal was entered. Various exceptions which are denominated "special exceptions," but which are nothing more than general exceptions, were also sustained by the trial court. From the judgment of dismissal, the plaintiff appealed. The Court of Civil Appeals affirmed said judgment. 11 S.W.(2d) 809.

The petition of the plaintiff is lengthy, and no useful purpose will be subserved by setting it out here or even setting out the substance of all the various averments. Among various other fact allegations the following facts are averred in the petition:

In December, 1897, the Guadalupe Valley Railway Company was chartered under the laws of this state. Under its charter, the company was authorized to construct, own, and operate a railroad through an extensive section of the state. A part of the proposed railroad was to extend from the town of Victoria to Port O'Connor. The company procured deeds from landowners, by which the company acquired fee-simple title to a right of way extending from Victoria to Port O'Connor, as well as along other portions of the proposed route of the railroad. After being duly organized, the company proceeded to construct a grade along the route covered by said deeds, but proceeded no further with construction work. No railroad was ever constructed or put into operation by said company. In March, 1906, the Texas Railway Company was chartered, with authority to construct, own, and operate a line of railroad through the same territory in which the Guadalupe Valley Company had been authorized to construct and operate a railroad. The charter of the Texas Railway Company was obtained for the purpose of taking over all the assets, properties, and franchises of the Guadalupe Valley Company, and completing and operating the proposed railroad. The Texas Railway Company, shortly after being chartered, took possession of the old grade that had been constructed by the Guadalupe Valley Company between Victoria and Port

O'Connor, and proceeded to have extensive rehabilitation work done thereon. The plaintiff, Gueringer, who is a civil engineer, was employed by the Texas Railway Company, for an agreed salary, to direct and supervise this rehabilitation work. He performed this service, and his salary has never been paid. He sues the defendant company herein for the recovery of the amount of such salary. His services in this respect began with the commencement of the rehabilitation work in 1906, and continued till its conclusion in the year 1908. In the meantime, in December, 1906, the name of the Texas Railway Company was changed to "Port O'Connor, Rio Grande & Northern Railway Company." No railroad track was ever laid or put into operation by the Texas Railway Company or its successor, the Port O'Connor, Rio Grande & Northern Railway Company.

The defendant company, the St. Louis, Brownsville & Mexico Railway Company, had been chartered some years before 1909; but under its charter it did not have authority to own, construct, or operate a railroad through the territory where was located the proposed line of railroad of the companies hereinbefore mentioned. It did not acquire such authority until its charter was amended in January, 1912.

Following these averments, the petition of the plaintiff proceeds:

"Plaintiff further avers that the Calhoun County Cattle Company, a Texas corporation, was the owner of a tract of about 70,000 acres of land near and around Port O'Connor, and said company was very desirous of having the railway completed which had been started and commenced, as hereinabove stated, by the Guadalupe Valley Railway Company, the Texas Railway Company, and the Port O'Connor, Rio Grande & Northern Railway Company, and sometime in the year 1909, entered into a contract with A. T. Perkins, a director, as aforesaid, of the St. Louis, Brownsville & Mexico Railway Company, who was acting for said railway company not only as a director thereof, but as trustee thereof, whereby it was agreed that defendant should complete a railway over the grade of the Guadalupe Valley Railway Company, hereinabove mentioned, and that defendant would amend its charter so as to enable it to do so, and that among other things in said contract it was agreed that said cattle company was to furnish the right of way and grade of said Guadalupe Valley Railway Company to defendant, together with a bonus to defendant of $7,500.00 per year, for a term of ten years, or as much thereof as might be necessary to take care of any loss in the operating expenses of the line of railway over the said grade aforesaid, of the Guadalupe Valley Railway Company, and plaintiff is informed and therefore alleges that said bonus was paid to defendant for the full period of ten years. Plaintiff in this connection avers that he is unable to state with particularity the terms of said contract, because the same is not accessible to him, but that the same is in the possession of defendant, and defendant is hereby notified to produce on the trial of this cause said contract, or secondary evidence will be offered on the trial of this cause.

"Plaintiff further avers that deeds to the right of way and to the grade of the Guadalupe Valley Railway Company were made out to A. T. Perkins, as trustee of and for defendant, and in said contract and in all of the deeds to the said A. T. Perkins, trustee, it was recited that the property conveyed to defendant was formerly the grade of the Guadalupe Valley Railway Company; that the said A. T. Perkins, as trustee, subsequently conveyed said property to defendant, and particularly the old grade of the Guadalupe Valley Railway Company, as hereinbefore set out and described. That said defendant, in 1909, or 1910, under and by virtue of its said contract aforesaid, took possession of said grade of the Guadalupe Valley Railway Company, and in the years 1909 and 1910, completed laying its tracks thereon, and commenced the operation of its trains thereon, but had no authority to do so until its charter was amended, as hereinabove stated.

"That defendant took possession of, appropriated and used that part of the old grade of the Guadalupe Valley Railway Company and the Port O'Connor, Rio Grande & Northern Railway Company, its successors, from the said town of Bloomington, to Port O'Connor, and subsequently thereto took possession of and used said old grade north of Bloomington for about nine miles in the direction of Victoria, and south of that used the old grade for about 38 miles, making a total of 47 miles of said old grade taken possession of by defendant, and used by it. That said defendant is still in possession of said part of said grade, and is using it as a part of its railway, and is daily operating trains over it.

"Plaintiff avers that when this defendant, through its director, A. T. Perkins, entered into said contract with the Calhoun County Cattle Company, for the acquisition of said old grade aforesaid, and at the time defendant received the deeds thereto from the said Perkins, and at the time it took possession of said old grade, as aforesaid, and built its said railway thereon, the said A. T. Perkins and defendant, each and both, had both actual and constructive notice of the fact that plaintiff's claim herein sued for had never been paid, and that said old grade was liable to plaintiff, and was charged with his claim as a lien thereon, and defendant took its pretended title thereto with full knowledge of all of the facts hereinbefore recited, and especially of the fact that plaintiff's claim * * * had never been discharged, liquidated, or paid in whole or in part; plaintiff fur-

ther avers that by reason of all the facts hereinabove pleaded and set forth that he has a lien upon said 47 miles of said old grade, as hereinabove set forth, for the payment of his said judgment, and that defendant in taking over said old grade merged said previous corporations into it and took over without paying any consideration therefor, the assets and property and particularly said old grade, whereby and by reason thereof, said three former corporations became merged in defendant corporation, and defendant expressly assumed the payment of the debts and liabilities of said old corporations, and especially the debt of plaintiff, and if it did not expressly assume the payment of plaintiff's debt, it became liable, both in equity and at law, for the payment of same, by reason of having merged said three previous corporations into defendant corporation, and having taken without paying any consideration therefor the entire assets and property, and especially the old grade of said former corporations."

The plaintiff in error contends that his claim constitutes an equitable lien on the old grade in question. We have been cited to no authority which sustains this contention, and we have found none. The contention is overruled. However, we are of the opinion that the averments of the petition present, prima facie, a cause of action against the defendant company. It is settled that, in case of consolidation of one railroad corporation with another, by agreement and under legislative sanction, the law implies an assumption, by the consolidated corporation, of the liabilities of its constituents. Ry. Co. v. Shirley, 54 Tex. 137.

The averments relative to the transaction in which the defendant company is alleged to have taken over all the assets of the old corporations are sufficient, we think, to present the issue of the defendant company's liability for the debts of those corporations. The fact that none of the corporations involved in the transaction are shown to have had legal authority to effect a consolidation or merger is unimportant. For, if a consolidation or merger was agreed upon and actually put into operation, the lack of legislative authority in that respect cannot be set up by the defendant company as a defense against liability to the creditors of the other corporations. The details of the transaction are shown to be peculiarly within the knowledge of the defendant company. Ordinarily, knowledge of the details of such a transaction is not available to the general public. For this reason, we do not think that, in order to present the issue of consolidation in fact, with consequent liability of the defendant company, it was incumbent upon the plaintiff to do more than allege a merger in

general terms, and point out that the defendant company took over the assets of the old corporations and is operating its railroad on the right of way theretofore held by those corporations. Collins v. Ry. Co., 14 Wis. 492; Jackson Traction Co. v. Circuit Judge, 155 Mich. 522, 119 N. W. 915. For the same reason, we do not think that the allegation to the effect that the defendant company, in taking over the assets of the old corporations, expressly assumed the liabilities of the old corporations, is subject to the special exception directed against it.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals affirming same be reversed and the cause remanded.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.