**GUERINGER v. ST. LOUIS, B. & M. RY. CO.**
No. 2599.

Court of Civil Appeals of Texas. El Paso.
Feb. 4, 1932.

Rehearing Denied Feb. 18, 1932.

R. H. Ward, of Houston, for appellant.

Andrews, Streetman, Logue & Mobley, of Houston (W. L. Cook, of Houston, of counsel), for appellee.

HIGGINS, J.

On May 3, 1909, appellant recovered judgment for $7,573.70 against the Port O'Connor, Rio Grande & Northern Railway Company.

On September 2, 1926, appellant filed this suit against the appellee to recover the amount of said judgment.

Exceptions to the petition were sustained and the suit dismissed. Upon appeal the judgment was affirmed by the Galveston court. (Tex. Civ. App.) 11 S.W.(2d) 809. Upon writ of error the judgment was reversed by the Supreme Court upon recommendation of the Commission of Appeals. 23 S.W.(2d) 704. The allegations of the petition are fully set forth in the opinion of Justice Lane of the Galveston Court to which reference is now made.

The opinion of Justice Harvey of the Commission of Appeals rejected the contention of appellant that the petition was sufficient to show an equitable lien on the old grade in question, but held it sufficient to state a cause of action both upon an express assumption by appellee of the debt evidenced by the judgment, as well as upon an implied assumption of such debt arising out of the alleged merger or consolidation and the taking over by appellee of all the assets of the defendant in such judgment and other corporations and operating appellee's railroad on the right of way referred to in the petition.

The last trial was without a jury and judgment was again rendered against the plaintiff in the suit.

In appellant's brief it is assumed the opinion of Judge Harvey settled the case in his favor. But that opinion simply held the allegations of the petition sufficient to state a cause of action. The last trial was upon the merits, and there is no evidence whatever of an express assumption of the debt sued upon. Nor is there evidence to support the theory of an implied assumption arising out of a merger or consolidation and taking over of assets.

■ There appears in the statement of facts a deed dated July 21, 1917, from A. T. Perkins, trustee for appellee, and conveying to appellee four small parcels of land aggregating fifteen acres. This deed recites the land was conveyed by F. B. Lander to Perkins, as trustee for appellee, on August 17, 1912.

There is also a deed dated July 19, 1898, from W. W. Jordan, to the Guadalupe Valley Railway Company, conveying a 100-foot right of way across a 200-acre tract of land in Victoria county.

There is another deed dated September 15, 1909, from T. R. Austin and wife to A. T. Perkins, conveying a 100-foot right of way across a 2,200-acre tract of land in Victoria and Calhoun counties. This stipulation also appears:

"Counsel for defendant entered the following stipulation in reference to the relationship between the Guadalupe Valley Railroad and the grantors into Perkins:

"'That Perkins as trustee received conveyances from various and sundry persons covering the right-of-way involved in this controversy here, and later, as shown by an instrument already in evidence, conveyed as Trustee to St. Louis, Brownsville & Mexico Railway Co. I put this reservation in—I don't know whether any of those individuals who conveyed to Perkins ever had any dealings with the Guadalupe Valley or not, or whether their predecessors ever had any.'"

It is not shown that the old corporations named in the petition ever acquired title to the land mentioned in the foregoing deeds or any other land now occupied and used by appellee. No conveyance is shown from the old corporations to appellee, or the trustee, Perkins.

We fail to see how it could possibly be considered that the three deeds mentioned and the stipulation quoted show that appellee has taken over all the assets of the old corporations mentioned in the petition, and that such corporations have been merged in or consolidated with appellee.

The evidence fails to show facts sufficient to impose any implied assumption of the debt upon that theory.

■ Furthermore, if there was a merger, much more than four years elapsed before this suit was filed. The judgment has been due and payable since the date of its rendition in 1909. So, if there was any implied contract of assumption arising upon merger, appellant's cause of action arose when the merger was effected and is now barred by limitation which was pleaded by appellee. McCaslin v. Pittsburg, F. & M. Co. (Tex. Civ. App.) 232 S. W. 887; In re Herbert (C. C. A.) 262 F. 682; Robertson v. Stuhlmiller, 93 Iowa, 326, 61 N. W. 986.

Affirmed.