## L. A. GUERINGER V. ST. LOUIS, BROWNSVILLE & MEXICO RAILWAY COMPANY.

No. 6221.   Decided May 15, 1935.
Rehearing overruled June 19, 1935.
(82 S. W., 2d Series, 935.)

*R. H. Ward,* of Houston, *Boyle, Wheeler, Gresham & Terrell,* of San Antonio, for plaintiff in error.

As to the taking over of the entire assets of one corporation by another. Cattlemen's Trust Co. v. Beck, 167 S. W., 753; Texas Seed Co. v. Chicago Seed Co., 187 S. W., 747; 8 Thompson Corp. (3rd Ed.), 6081; First Natl. Bank of Tulsa v. Hoover, 269 S. W., 265.

On question of limitation. Quinlan v. Houston & T. C. Ry. Co., 89 Texas, 356; Galveston, H. & S. A. Ry. Co. v. State, 81 Texas, 572, 17 S. W., 70.

*Andrews, Streetman, Logue & Mobley,* and *W. L. Cook,* of Houston, for defendant in error.

On proposition that there was no merger. 14A C. J., 3640; 7 R. C. L., sec. 156; 10 Texas Jur., sec. 58; Mellinger v. City of Houston, 68 Texas, 37, 3 S. W., 249.

On question of limitation. R. S. Arts., 5526, 5527.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit was filed by plaintiff in error, L. A. Gueringer, against defendant in error, St. Louis, Brownsville & Mexico Railway Company, upon a judgment in his favor recovered in 1909 against the Port O'Connor, Rio Grande & Northern Railway Company. The parties will be referred to as plaintiff and defendant. The judgment covered plaintiff's salary as Chief Engineer and Superintendent of Construction of a railway grade over a part of which defendant is now operating a railroad. The last named company is alleged to have taken over the franchise rights, property and assets of the Texas Railway Company and Guadalupe Valley Railway Company, including the grade constructed under plaintiff's supervision. It is further alleged that defendant took over said old grade and the assets of the three former corporations without paying any consideration therefor, whereby the former corporations became merged into defendant corporation, and that defendant expressly assumed payment of plaintiff's debt; that if such assumption was not expressed, then defendant became liable for the debt on account of said merger and the taking over of the entire assets of the former corporations.

The allegations of the petition are fully set out in the opinion of the Galveston Court, which affirmed a dismissal of the case by the trial court on the first trial of the case, on the ground that a cause of action was not alleged. 11 S. W. (2d) 809. Writ of error was granted. Upon review the allegations of the petition were again stated, but in abbreviated form, by the Commission of Appeals, opinion by Judge Harvey. The Supreme Court approved the holdings of the Commission that the petition was not sufficient to show an equitable lien on the grade in question, but did sufficiently state a cause of action upon either an express assumption of the debt, or an implied assumption consequent upon the alleged merger. 23 S. W. (2d) 704. The trial court upon second trial, without jury, rendered judgment for the defendant. The Court of Civil Appeals affirmed the judgment. 45 S. W. (2d) 1108.

Recovery was sought originally by plaintiff upon two theories: first, that of merger with defendant company of the three former companies above named, with resultant liability of defendant for the debt; second, upon the theory that plaintiff under the facts acquired an equitable lien upon the old grade. The opinion of the Commission of Appeals settled adversely to plaintiff's contention that the petition was sufficient to show an equitable lien, hence this question is not before us. Nor is any contention now made by plaintiff that defendant

expressly assumed payment of the debt. The sole reliance of plaintiff is now upon an implied assumption arising out of the alleged merger and taking over by defendant of the assets of the judgment debtor and the other corporations.

Plaintiff contends that the effect of the holding of the Supreme Court is that it was incumbent upon him to do no more than allege a merger in general terms and point out that defendant company took over the assets of the old corporations and is operating its railroad on the right of way theretofore held by those corporations, respectively. An analysis of the opinion shows such is not its effect. The following excerpt states briefly the holding:

"The averments relative to the transaction in which the defendant company is alleged to have taken over all the assets of the old corporations are sufficient, we think, *to present the issue of defendant company's liability for the debts of those corporations.* * * * *For, if a consolidation or merger was agreed upon and actually put into operation,* the lack of legislative authority in that respect cannot be set up by the defendant company. * * * Ordinarily, knowledge of the details of such a transaction is not available to the general public. For this reason we do not think that, *in order to present the issue of consolidation in fact,* * * * it was incumbent upon the plaintiff to do more than allege a merger in general terms, and point out that the defendant company took over the assets of the old corporations and is operating its railroad on the right of way theretofore held by those corporations. Collins v. Railway Company, 14 Wis., 492; Jackson Traction Co. v. Circuit Judge, 155 Mich., 522, 119 N. W., 915." (Italics ours).

1 It was urged by defendant upon the former appeal that legislative authority for a merger was not alleged by plaintiff. Judge Harvey, in pointing out that it was not necessary for defendant to have such authority in order to effect a merger with the other corporations, and therefore not necessary for plaintiff to allege such authority in order to state a cause of action based upon merger, says: *"If a consolidation or merger was agreed upon and actually put into operation,* the lack of legislative authority * * * cannot be set up by the defendant company * * *."* (Italics ours). Defendant had urged also in support of its general demurrer upon former appeal that plaintiff had not stated a cause of action in that he had not alleged the various steps in detail necessary to constitute merger. The following statement from the opinion clearly reflects the holding of the court upon this point: "Ordinarily, knowledge of the

details of such a transaction is not available to the general public. For this reason we do not think that in order to present the issue of consolidation in fact, * * * it was incumbent upon the plaintiff to do more than *allege a merger in general terms* (Italics ours), and point out" the taking over of the assets of the old corporations, including the right of way, and defendant's operation of its railroad thereon, as above alleged. The cases cited by Judge Harvey in the quoted portion of the opinion, supra, support specifically the holdings made in meeting defendant's contention relating both to lack of legislative authority and generality of the allegations of merger. The petition was correctly held to be sufficient as against a general demurrer. The effect of the holding was not however to relieve plaintiff of any part of his burden to prove by affirmative evidence upon a hearing on the merits, the alleged merger and taking over by defendant of the assets of the old corporations.

Plaintiff in his latest filed argument thus summarizes the proof:

"The first 144 pages of the Statement of facts support fully the allegations of plaintiff's petition relative to the charters and amendments thereto of various railway corporations, the judgment in favor of the plaintiff against the Port O'Connor, Rio Grande and Northern Ry. Co. and proof that such judgment was kept alive by the issuance of various executions thereon.

"The witness, W. S. Hipp, testified that he spent in the neighborhood of four hundred thousand dollars for clearing, grading and other work on the right of way, and that the plaintiff was engineer in connection with the construction work performed by the witness; that he was not employed by the witness but was chief engineer of the railroad. (S. F. 145-6).

"The plaintiff testified as to the work which he performed on the right of way which was afterwards used by the defendant, stating that the value of the grade which was under his supervision would be about $3,300 or $3,500 per mile for the grade alone; that some additional construction work was performed on the grade by the defendant, and that the defendant began operating trains over the completed line sometime in 1909 or 1910, and that the defendant is still operating trains over such line of railway. (S. F. 149-150).

"Correspondence was introduced from the archives of the Railroad Commission showing that the officials of the defendant had full notice of plaintiff's claim. (S. F. 65-76).

"There is also this stipulation of counsel in the statement of facts:

"That Perkins as Trustee received conveyances from various and sundry persons covering the right of way involved in this controversy here, and later as shown by the instruments already in evidence, conveyed as trustee to St. Louis, Brownsville & Mexico Railway Co. (S. F. 76)."

The concluding part of the foregoing stipulation, not included in the summary, reads: "I put this reservation in—I don't know whether any of those individuals who conveyed to Perkins have had any dealings with the Guadalupe Valley or not, or whether his predecessors ever had any."

Plaintiff's case as alleged rests upon the theory of a merger of defendant with the judgment debtor, Port O'Connor, Rio Grande and Northern Railway Company and the consequent liability of defendant upon this theory. The trial court after hearing the evidence held generally that plaintiff had showed no right of recovery, and so ruled. The trial court held also that if there was a merger, the cause of action was barred by limitation. The Court of Civil Appeals after reviewing the evidence, says: "The evidence fails to show facts sufficient to impose any implied assumption of the debt upon that theory," referring to the theory of merger. The Court of Civil Appeals was in agreement with the trial court on the question of limitation.

2-4 The facts do not establish the alleged merger as a matter of law. No facts are in evidence showing any agreement to merge with defendant the company against which plaintiff procured his judgment; nor is there any proof that such a merger was ever undertaken, or that defendant took over the entire assets of the old corporations. The only asset of any of the corporations seriously sought to be shown to have been taken over by defendant is the right of way in question, which the evidence shows has been occupied and used by defendant since 1909. There is no evidence that it was ever owned by the judgment debtor, Port O'Connor, Rio Grande & Northern Railway Company. The deeds in evidence show no privity of any character with this company. The evidence could not under any view establish the fact of merger as a matter of law. Furthermore this court is bound by the fact findings of the courts below on the issue of merger. If there was no merger there was, of course, no obligation on the part of defendant to pay the judgment sued upon. We agree with the trial court and Court of Civil Appeals, however, that if there had been a merger the

cause of action would have been barred by limitation when plaintiff's suit was filed, as pleaded by defendant. Eckert v. Wendel, et al., 120 Texas, 618, 40 S. W. (2d) 796; Shaw, Banking Com'r. v. Ball, 23 S. W. (2d) 291.

The judgments of the trial court and Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court May 15, 1935.

Rehearing overruled June 19, 1935.